FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP -5 PM 4:09
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TONYA JACKSON LARRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 112-120 |
| | ) (Formerly CR 107-162) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at FCI Marianna in Marianna, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On March 12, 2008, Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute Schedule I and II Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 846. United States v. Larry, CR 107-162, doc. nos. 112, 113 (S.D. Ga. Mar. 12, 2008) (hereinafter "CR 107-162"). The Honorable Dudley H. Bowen, Jr., United

States District Judge, sentenced Petitioner to a 90-month term of imprisonment. Id., doc. no. 135. Petitioner did not file a direct appeal.[1]

The instant motion was signed on August 15, 2012, and received and filed by the Clerk of Court on August 22, 2012.[2] (Doc. no. 1, pp. 1, 13.) Petitioner raises a single claim: that her sentence was inappropriately enhanced, "under Simmons," with the use of hypothetical aggravating factors to determine whether a prior offense constituted a felony. (Id. at 4.) Petitioner further avers that she did not appeal, and thus did not raise the issue on appeal, because "[t]he opportunity to address this issue only came into existence as a result of the Simmons decision." (Id. at 5.)

## II. DISCUSSION

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] Petitioner did file a post-conviction motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on October 13, 2011, which Judge Bowen denied on January 12, 2012. CR 107-162, doc. nos. 165, 170. Petitioner does not contend that the date her § 3582(c)(2) motion was denied was the date her sentence became final. Moreover, any such argument would be unavailing. See Johnson v. United States, Nos. CV 409-190, CR 406-390, 2010 WL 724096, at *1 (S.D. Ga. Mar. 2, 2010).

[2] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered [her] petition to prison authorities for mailing").

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As no direct appeal was filed in Petitioner's criminal case, her conviction and sentence became final ten days after judgment was entered, in August of 2008. See Fed. R. App. P. 4(b)(1).[3] Assuming Petitioner's AEDPA clock began running on this date, the instant motion, filed four years later, is untimely.

Petitioner argues that she should be afforded a later start date because her petition is timely "under the provision of law that starts the clock running again when there is a change in the law that affects the calculation of the defendant's original sentence," or "when there is a change in the law that essentially creates a basis for relief that did not exist under prior law." (Doc. no. 1, p. 11.) Petitioner thus appears to be asserting that the limitations period should run pursuant to § 2255(f)(3) because her sole claim relies upon Simmons. Petitioner merely refers to the case upon which she relies as "Simmons" without citation. (See doc. no. 1, p. 4.) However, given Petitioner's specific use of the language "hypothetical aggravating factors," and her later comment that the case was "not decided until August 2011," it appears she is

---

[3]Pursuant to an amendment that went into effect on December 1, 2009, the time limit for filing an appeal was extended from 10 to 14 days following the date judgment was entered. See Fed. R. App. P. 4, Notes of Advisory Committee on 2009 Amendments. At the time of Petitioner's conviction, however, the time limit was 10 days, making that the operative rule with respect to determining the timeliness of the instant motion. The four-day extension of the time limit enacted by the 2009 amendment does not make any difference in this case.

3

referring to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). See doc. no. 1, pp. 4, 5; Simmons, 649 F.3d at 244-45. However, § 2255(f)(3) requires that Petitioner's claim be based upon a right that has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Simmons is not a case that was decided by the Supreme Court, and thus cannot create a basis for a different starting date for the AEDPA clock under § 2255(f)(3).

The court in Simmons, however, was applying a rule from a Supreme Court case, Carachuri-Rosendo v. Holder, 130 S. Ct 2577 (2010). See Simmons, 649 F.3d at 244-45. Carachuri-Rosendo was decided on June 14, 2010, and has not been previously found retroactively applicable to cases on collateral review. See, e.g., Fields v. Warden, FCC Coleman - USP 1, No. 11-14997, 2012 WL 2924020 (11th Cir. July 19, 2012) ("[Petitioner] has not shown that ... Carachuri-Rosendo [is] retroactive."); Howard v. United States, Civil Case No. 8:12-cv-1894-T-24-EAJ, 2012 WL 3715247, at *2 (M.D. Fla. Aug. 28, 2012.) ("[T]he Supreme Court has not stated that Carachuri-Rosendo applies retroactively.") Moreover, the Fourth Circuit has noted, since deciding Simmons, that Carachuri-Rosendo did not recognize a new right. See United States v. Powell, No. 11-6152, 2012 WL 3553630, at *3-4 (4th Cir. Aug. 20, 2012) ("The only novelty introduced by Carachuri is the procedure for determining whether a defendant's prior conviction qualifies as an aggravated felony.")

Nor has Petitioner attempted to show that this Court should recognize Carachuri-Rosendo (by way of Simmons) as retroactively applicable to cases on collateral review. Moreover, any attempt to make such showing would be unsuccessful, as Carachuri-Rosendo neither "place[d] certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," nor "require[d] the observance of those

4

procedures that . . . are implicit in the concept of ordered liberty." Teague v. Lane, 489 U.S. 288, 311 (1989) (holding that, absent these factors, newly recognized rules are not retroactively applicable on collateral review). Indeed, Carachuri-Rosendo relates solely to the sentencing ramifications of prior convictions and does not call into question the illegality of the conduct for which Petitioner was convicted – *i.e.*, conspiracy to distribute and possess with intent to distribute Schedule I and II Controlled Substances. See Ross v. United States, 289 F.3d 677, 680 (11th Cir. 2002) (noting that newly decided cases are generally inapplicable on collateral review but may be retroactively applicable if the new decision "'interprets the meaning of a criminal statute enacted by Congress' so that the conduct for which a defendant was convicted may no longer be illegal." (quoting Bousley v. United States, 523 U.S. 614, 620 (1998))). Therefore, Petitioner has not shown that she is entitled to a later limitations period under § 2255(f)(3).[4]

Additionally, the Court notes that the Eleventh Circuit has held that the statute of limitations in § 2255 may be subject to equitable tolling. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 544 U.S. 295 (2005). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000),

---

[4]As noted previously, the instant § 2255 motion was signed August 15, 2012. See supra note 1. Because Carachuri-Rosendo was decided on June 14, 2010, even if Petitioner were entitled to a later limitations period under § 2255(f)(3), it is not apparent that her § 2255 motion would be timely.

5

and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving her entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the petition or the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted [her]." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that she did not commit the offense to which she pled guilty such that no reasonable juror would have convicted her. Indeed, her claim focuses exclusively on alleged errors in calculating her sentence based on

6

her criminal history. Therefore, the actual innocence exception does not save the instant motion from being time-barred under the AEDPA.

In sum, Petitioner has offered no reason to suggest that the AEDPA statute of limitations began to run or was reset at any point within the one-year period preceding the filing of her § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and she has not presented any arguments sufficient to support a claim of actual innocence. Accordingly, the instant motion is time-barred under the AEDPA's one-year statute of limitations.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of September, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE